IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No.: 4:10-CV-00158-H

FILED IN OPEN COURT
ON 10/30/10 js
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| TOM FETZER, in his individual capacity as a registered voter and in his capacity as Chairman of the North Carolina Republican Party; CHARLES F. TYSON, JR., in his individual capacity as a registered voter of Craven County and in his capacity as Chairman of the Craven County Republican Party; SUZANNE RUCKER, in her individual capacity as a registered voter of Cumberland County and in her capacity as Chairman of the Cumberland County Republican Party; LARRY FORD, in his individual capacity as a registered voter of Rutherford County and in his capacity as Chairman of the Rutherford County Republican Party; A. DEAN LAMBETH, in his individual capacity as a registered voter of New Hanover County; and GARLAND SHEPHARD, in his individual capacity as a registered voter of Edgecombe County and in his capacity as a Republican candidate for NC House District 23, <br><br> Plaintiffs, <br><br> vs. <br><br> GARY BARLETT, in his official capacity as Executive Director of the North Carolina State Board of Elections; and LARRY LEAKE, ROBERT CORDLE, ANITA EARLS, CHARLES WINFREE, and WILLIAM PEASLEE, in their official capacities as Members of the North Carolina State Board of Elections, <br><br> Defendants. | **TEMPORARY RESTRAINING ORDER** |

1

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [DE:1]. For the reasons discussed below, Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

## ANALYSIS

The factors to be weighed before issuing a temporary restraining order ("TRO") are the same as those considered before issuance of a preliminary injunction. *See, e.g., Flicker v. Tuohy*, 305 F.Supp.2d 569, 571 (S.D. Md. 2004). Thus, in determining whether a TRO should issue, the Court must weigh four factors: (1) the likelihood of irreparable harm to the plaintiffs if the relief is denied; (2) the likelihood of harm to the defendant if the relief is granted; (3) the likelihood that the plaintiffs will succeed on the merits of their claims; and (4) the public interest. *Newsom ex rel. Newsom v. Albemarle Cnty Sch. Bd.*, 354 F.3d 249, 254 (4th Cir. 2003); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1999). The relative harms to plaintiff and defendant are the most important considerations in this analysis. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1992).

The Court finds that the balance of the hardships in this case favors Plaintiffs. In addition, the Court finds that Plaintiffs have shown a likelihood of success on the merits. Lastly, the public has a vital interest in the integrity of the electoral process. Accordingly, Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order [DE-1] is hereby GRANTED. It is therefore ORDERED that, before 10:00 a.m. on November 1, 2010:

1. Defendants are required to issue an order to all county and local boards of election requiring judges and precinct workers, at every precinct that uses the iVotronic touchscreen voting

machines, to place a written notice, in the format as attached as Exhibit A, next to the registration forms at every table at which voters may sign in to vote;

2. Defendants are required to issue an order to all county and local boards of election requiring judges and precinct workers, at every precinct that uses the iVotronic touchscreen voting machines, to orally instruct every voter that will use the iVotronic touchscreen voting machines to state the following to each such voter: "Please read the Voter Alert and, if you experience any problems voting, let a poll worker know and we will help you."

3. Defendants are required to issue an appropriate order to all county and local boards of election to ensure that the following information be preserved:

   - Every iVotronic Voting Machine owned and utilized by the Board of Elections for the 2010 general election

   - Each CF Card associated for each iVotronic Voting Machine utilized by the Board of Elections for the 2010 general election

   - Every iVotronic Machine Audit Log

   - Every iVotronic Machine PEB device (Personalized Electronic Ballot)

   - The Computer System Repository where the voters' data is collected from each PEB Device (Personalized Electronic Ballot) and tabulated.

   - The Computer System Repository where the voters' data is archived and obtained from every iVotronic Voting Machine owned and utilized by the Board of Elections for the 2010 general election

   - Any and all data in association with the iVotronic Voting Machines to include calibration information; when software upgrades were performed and not performed including notices from ES&S

   - Information regarding when the iVotronic Voting Machines Firmware was last updated.

   - Any and all communication between ES&S, PrintElect and the Board of Elections, including any officer, director, or agent thereof

   - Any and all back-up data in connection with the iVotronic Voting Machine owned and utilized by the Board of Elections for the 2010 general election

- Any and all devices, optical media, storage devices, storage cards utilized in connection with information about the iVotronic Voting Machines held by the Board of Elections.

4. Defendants are required to issue an order to all county and local boards of election requiring poll workers in all precincts be required to keep a record of all complaints by voters, specifically including complaints regarding the iVotronic voting machines and said complaints shall be submitted to the State Board of Elections within five (5) business days of the election. Such record of complaints shall include the identity of the voter, the time the voter voted, the specific voting machine used by the voter, and the nature of the voter's complaint. An acceptable format for the record of complaints is attached hereto as Exhibit B.

5. It is further ordered that Plaintiffs will collectively post a bond with this Court in the amount of $1,000.00, as security, not later than November 1, 2010.

6. A hearing on Plaintiffs' Motion for Preliminary Injunction [DE:1] will be held before this Court on November 9, 2010, in Greenville, North Carolina.

SO ORDERED, this the 30th day of October, 2010.

*Malcolm Howard*
The Honorable Malcolm Howard
District Court Judge Presiding

# **VOTER ALERT**

- Touchscreen voting machine are sensitive.

- A summary page will appear at the end of your ballot so you can review the choices selected. **Carefully** review your ballot to make sure your vote is accurately cast.

- If you have any problems, please ask for help from a poll worker.





| County Board of Elections | Office: | County Board of Elections |
|---|---|---|
| | Title: | Election Systems Security Incident Report |
| | Incident Number:<br>(Assigned by CBE) | Date incident occurred/opened (MM/DD/YYYY):<br>___/___/_____ |
| | | Date incident resolved/closed (MM/DD/YYYY):<br>___/___/_____ |
| | | Signature of person reporting the incident: |
| | | Person preparing the report (if different from the person making the report): |

**FILLED IN BY THE COUNTY BOARD OF ELECTIONS**

| | Check the one item that best describes the general nature of the incident |
|---|---|
| Incident Location | ☐ General Security policy violation |
| Person #1 responding | ☐ Equipment or hardware failure or malfunction<br>  ☐ M-100 Optical Scanner<br>  ☐ AutoMARK Vote Assist Terminal<br>  ☐ iVotronic Terminal |
| Person #2 responding | ☐ Software malfunction, failure, or error |
| | ☐ Unauthorized use of password |
| | ☐ Suspected computer virus, worm, Trojan Horse |
| | ☐ Tampering with voter registration system or voting equipment |
| | ☐ Unauthorized access to voter registration system room, voting system facility or voting system equipment storage area. |
| | ☐ Other: _____ |

**Full description of incident:** (Filled in by the person reporting the incident)

_____
_____
_____
_____
_____
_____
_____
_____

**Response to the incident:** (Filled in by the CBE)

**Recommendations to prevent future such incidents:** (Filled in by the CBE)

**Name/Signature of person "clearing" and closing the incident:**

_____

(Must be either the CBE Director or Authorized Election Custodian.)